UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

ERIC WHEELER,                      )
                                   )
    Petitioner,                    )    Civil Action No. 14-CV-234-GFVT
                                   )
V.                                 )
                                   )    **MEMORANDUM OPINION**
J. C. HOLLAND, Warden,             )    **&**
                                   )    **ORDER**
    Respondent.                    )

\*\*\*\*     \*\*\*\*     \*\*\*\*     \*\*\*\*

Eric Wheeler is an inmate confined in the United States Penitentiary-McCreary located in Pine Knot, Kentucky. Proceeding *pro se*, Wheeler has filed a petition for writ of habeas corpus pursuant to 28 U. S. C. § 2241, challenging the imposition of an enhanced sentence he received in the Western District of North Carolina. [D.E. 1]. Wheeler claims that due to decisions from the United States Supreme Court that were rendered subsequent to his conviction and sentencing, he does not have the necessary predicate convictions that would qualify him for an enhanced sentence of life imprisonment. Wheeler requests relief from his life sentence. In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court must deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Because Wheeler is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Thus, at this stage of the

proceedings, the Court accepts Wheeler's factual allegations as true and liberally construes his legal claims in his favor. Having reviewed the petition, the Court must deny it because Wheeler cannot pursue his claims under 28 U.S.C. § 2241.

# I

In July of 1996, Wheeler and thirteen co-defendants were indicted in the Western District of North Carolina for drug trafficking and firearms offenses, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 924(c) (1). [*See United States v. Eric Wheeler, et al.*, No. 4:96-cr-0053-MR (W.D.N.C. 1996), R. 10, therein].[1] Wheeler was charged in Counts 1 and 11 of the indictment. [*Id.*] Wheeler proceeded to a jury trial and was convicted on those two counts of the indictment. [*Id.*, at R. 153, therein]. On June 2, 1997, Wheeler received a life sentence of imprisonment on Count 1 and a consecutive 60-month sentence on Count 11, to be followed by a ten-year term of supervised release. [*Id.* at R. 217, therein]. Wheeler appealed, but his conviction and sentence were affirmed on July 22, 1998. *United States v. Eric Wheeler*, 153 F.3d 725 (table), 1998 WL 416704 (4th Cir. 1998) (unpublished), *cert. denied*, 525 U.S. 1091 (1999).

Subsequently, on December 27, 1999, Wheeler filed a motion in the trial court pursuant to 28 U.S.C. § 2255, to vacate or set aside his sentence. [*See Eric Wheeler v. United States*, No. 1:99-cv-272-T (W.D. Ky. 2004), R. 1, therein]. On April 6, 2001, the trial court granted

---

[1]Due to the age of this criminal case, this Court cannot obtain complete information about Wheeler's criminal conviction and sentence because it predates the advent of the federal court system's online PACER database. The PACER Case Locator is a national index for U.S. district, bankruptcy, and appellate courts. *See* http://pcl.uscourts.gov/search. The Court is able to review the docket sheet for Wheeler's underlying criminal case, but the Court is unable to access all documents.

2

Wheeler's § 2255 motion in part. [*Id.* at R. 4, therein]. The trial court concluded that based on *Apprendi v. New Jersey,* 530 U.S. 466 (2000), Wheeler was entitled to resentencing. [*Id.*] The trial court reduced Wheeler's sentence on Count 1 from life imprisonment to 360 months. Upon resentencing, Wheeler's combined sentence on Counts 1 and 11 was a 420-month sentence. [*Id.*] The trial court also reduced his term of supervised release on Count 1 from 10 years to 6 years, to run concurrently with the 3-year term of supervised release for Count 11, for a total 6-year term of supervised release. [*Id.*]

The United States appealed the partial grant of Wheeler's § 2255 motion and reduction of sentence. The United States prevailed on appeal. On January 18, 2002, the Fourth Circuit reversed the trial court's partial grant of Wheeler's § 2255 motion and remanded with instructions to reimpose Wheeler's original life sentence on the drug count (Count 1). *See United States v. Wheeler*, 24 F. App'x 218, 2002 WL 73579 (4th Cir. 2002) (unpublished). On March 8, 2002, pursuant to the Fourth Circuit's instructions on remand, the trial court entered an Amended Judgment, sentencing Wheeler to a life sentence on Count 1 and to a consecutive 60-month sentence on Count 11, as Wheeler was originally sentenced. [*United States v. Eric Wheeler, et al.*, No. 4:96-cr-0053-MR (W.D.N.C. 1996), R. 482 therein].

**II**

Wheeler claims that he is being unlawfully restrained because he does not have the necessary predicate convictions to be subjected to a mandatory sentence of life imprisonment. Wheeler states that one of the underlying convictions the trial court relied on to enhance his sentence was a conviction in New Jersey for possession of drug paraphernalia, a conviction that Wheeler contends is a misdemeanor, not a felony conviction. Therefore, Wheeler submits that

3

the trial court erroneously considered this New Jersey conviction to be a felony conviction as one of the predicate convictions to support the imposition of an enhanced sentence. From that premise, Wheeler contends that he is "actually innocent" for purposes of the enhanced life sentence and is entitled to relief under the savings clause of 28 U.S.C. § 2255.

Wheeler relies upon *Johnson v. United States*, 559 U.S. 133, 130 S. Ct. 1265 (2010), and *Descamps v. United States*, 133 S. Ct. 2276 (2013), in support of his argument that he is entitled to relief on his life sentence on Count 1. In *Johnson*, the defendant was sentenced under the Armed Career Criminal Act ("ACCA"), which authorizes an enhanced penalty for one who violates 18 U.S.C. § 922(g) and who "has three previous convictions" for "a violent felony." One of the three prior felony convictions the United States relied upon to support an enhanced sentence was Johnson's 2003 Florida conviction for simply battery, which ordinarily is a first-degree misdemeanor. However, because Johnson had a prior conviction for battery in Florida, the 2003 battery conviction was considered a felony conviction. The Eleventh Circuit affirmed the imposition of Johnson's enhanced sentence. The U.S. Supreme Court granted certiorari and reversed, holding that the Florida felony offense of battery "does not have 'as an element the use . . . of physical force against the person of another,' § 924(e) (2) (B) (I), and thus does not constitute a 'violent felony' under § 924(e) (1)." *Johnson*, 559 U.S. at 133. Thus, the take-away from *Johnson* is that in Florida, simple battery is not a "violent felony" that would qualify as a predicate conviction for purposes of an enhanced sentence under the ACCA.

Two years later, in *Descamps*, the Supreme Court examined whether a state-law burglary conviction was a "violent felony" within the meaning of the ACCA. *Descamps*, 133 S. Ct. at 2282. The Court held that when determining whether a prior conviction qualifies as a predicate

4

offense under the ACCA, sentencing courts may not apply the "modified categorical approach" when the crime of which the defendant was convicted has a single, indivisible set of elements. *Id*. at 2282–83 (describing the differences between the "categorical approach" and the "modified categorical approach"). The Court clarified that a sentencing court "may use the modified approach only to determine which alternative element in a divisible statute formed the basis of the defendant's conviction." 133 S. Ct. at 2293. In view of *Johnson* and *Descamps*, Wheeler asserts that he is entitled to proceed with this claim in a habeas petition filed under 28 U.S.C. § 2241 because the remedy under § 2255 is inadequate and ineffective.

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (i.e., the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999). The Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir.2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

5

The "savings clause" in § 2255(e) provides a narrow exception to this rule. Under this provision, a prisoner is permitted to challenge the legality of his conviction through a § 2241 petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). This exception does not apply if a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756. A prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). However, a defendant may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Wheeler implies that his previous § 2255 motion was inadequate or ineffective because *Johnson* and *Descamps*, decided after that motion was denied, support his claim that the court unlawfully enhanced his sentence based on a prior conviction that did not qualify as a prior felony drug offense for enhancement purposes under 21 U.S.C. § 841. However, there is no indication in either *Johnson* or *Descamps* that the Supreme Court made those holdings retroactive to cases on collateral review, such as Wheeler's.

As to Wheeler's claim of "actual innocence," he contends that is actually innocent of conduct that would qualify him for an enhanced sentence of life imprisonment, but he is not claiming that he is factually innocent of the underlying drug offenses for which he was convicted by a jury. In other words, he has not alleged that he "stands convicted of 'an act that the law

6

does not make criminal.'" *Carter v. Coakley*, No. 4:13 CV 1270, 2013 WL 3365139, at *3 (N.D. Ohio July 3, 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their *convictions*, not their sentences. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) ("Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241."); *see also Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012).

Additionally, Wheeler's claim raised in the present § 2241 petition that the trial court erroneously considered his New Jersey conviction for possession of drug paraphernalia as a prior felony conviction when deciding that Wheeler was a career offender who qualified for an enhanced life sentence on Count 1, was raised in Wheeler's direct appeal and was rejected by the Eleventh Circuit for the following reasons:

> The district court found that Wheeler was a career offender pursuant to U.S.S.G. § 4B1.1 and that he was subject to a mandatory minimum term of imprisonment of life under 21 U.S.C.A. § 841(b) (1) (A) (West Supp.1998) and 18 U.S.C. § 851 (West 1981). Wheeler argues that the court erred in sentencing him to the mandatory minimum because his New Jersey conviction for possession of drug paraphernalia with the intent to deliver is not a "felony drug offense" under those statutes. A "felony drug offense" is an offense "punishable by imprisonment for more than one year under any law ... of a State ... that prohibits or restricts conduct relating to narcotic drugs, marihuana, or depressant or stimulant substances." 21 U.S.C.A. § 802(44) (West Supp.1998). New Jersey law makes one convicted of possession of drug paraphernalia with the intent to distribute subject to imprisonment for a term not to exceed eighteen months. *See* N.J. Stat. Ann. §§ 2C:36-3 & 2C:43-6 (West 1997). Thus, we find no error in treating this conviction as a "felony drug offense."

*United States v. Wheeler*, 1998 WL 416704 at *2.

Consequently, Wheeler's claim that his New Jersey conviction for possession of drug paraphernalia was a misdemeanor and should not have been considered a felony conviction for purposes of enhancing his sentence has previously been considered and rejected on direct appeal.

7

Wheeler may not relitigate the same claim in this Court. Additionally, *Johnson* and *Descamps* have no impact on the Eleventh Circuit's decision on direct appeal. Even if *Johnson* and *Descamps* were retroactive to cases on collateral review, they are factually distinguishable from Wheeler's case. *Johnson* and *Descamps* concern defendants who were sentenced under the ACCA. Wheeler's sentence was enhanced because he was considered a career criminal, not an Armed Career Criminal. Thus, Wheeler's reliance on *Johnson* and *Descamps* is misplaced. Because Wheeler has failed to demonstrate that he is entitled to proceed under § 2241, the Court will dismiss his petition.

### III

For the reasons discussed above, it is hereby **ORDERED** that:

1. Petitioner Eric Wheeler's 28 U.S.C. § 2241 petition for a writ of habeas corpus, [R. 1], is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Respondent.

This the 5th day of May, 2015.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge